HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE M WALZ, et al.,

        Plaintiffs,

v.

JERRY WILLIAMS, et al.,

        Defendants.

CASE NO. C17-5103 RBL

ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Williams Motion for Summary Judgment [Dkt. # 23]. Williams claims Walz's[1] claims are time-barred by "the two year limitations period." It seeks dismissal because Walz has not served process on any defendant and the time for doing so has expired.

Pro se Plaintiff Walz was a tenant at a Williams property. She got into a dispute with a neighbor and the landlord over her dog-walking on October 14, 2013. She claims Williams discriminated against her. 331 days later, on September 10, 2014, she filed a claim with the Washington Human Rights Commission. That claim was resolved against her 538 days later, on

---

[1] There are two plaintiffs (Walz and Castle) and two defendants (Dr. Williams and Williams Property Management). The Court uses the singular in each case for ease of reference.

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

March 1, 2016. 345 days after that, on February 9, 2017, she filed this lawsuit. Her handwritten complaint is vague and conclusory, but it clearly references "42 U.S.C. § 1983" and "[Un]constitutional discrimination" on the basis of "race, disability, and marital status."

§1983 contains no statute of limitations. Federal (and state, for that matter) courts instead "borrow "§1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235. 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a §1983 claim is three years, not two[2].

Accordingly, Walz had 3 x 365 days, plus the 538 days the limitations period was tolled, or a total of 1633 days from October 14, 2013 (the date of the incident) to file suit. That date is April 4, 2018.

Williams argues primarily that Walz failed to timely serve the complaint, and that the limitations period has since run. Fed. R. Civ. P. 4(m) requires service within 90 days of filing.

But Williams does not address the actual language of Rule 4(m), or the discretion that by a court must exercise in applying it. Rule 4(m) provides:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[2] The source of the proffered "two year" statute of limitations is not clear.

The Advisory Committee Notes to this Rule reiterate that the [90³] day requirement is to be applied flexibly, and should not be applied where doing so would cause prejudice:

> [Rule 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*

(Emphasis added).*See also*, for example, *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)(Upon a showing of good cause, the Court must extend the period; and even absent a showing of good cause, the court has discretion to extend the period).

Walz claims she served Williams in September of 2017, but Williams correctly points out that there is no proof of service on file, and she has not demonstrated that she served a summons and her complaint in the proper manner. However, the limitations period expired only four months ago, and Walz apparently believed she had accomplished service almost a year ago. Williams's own motion demonstrates that holding Walz to the 90-day limit would cause her prejudice; if the Court dismissed it for failure to serve, she would be barred from re-filing by the now-expired limitations period.

Willliams's Motion for Summary Judgment on the limitations period is **DENIED**. Walz shall properly (in accordance with the Federal Rules, particularly Rule 4) serve a summons and her complaint within 30 days of this Order, or the matter will be dismissed.

IT IS SO ORDERED.

Dated this 24th day of August, 2018.

Ronald B. Leighton
United States District Judge

---

³ Before 2016, the period was 120 days.